IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLD REPUBLIC INSURANCE CO.,

      **Plaintiff,**
      **(Judgment Creditor),**

vs.          No. CV 12-323 RB-RHS

ECLIPSE AVIATION CORPORATION,

      **Defendant**
      **(Judgment Debtor)**

**CERTAIN UNDERWRITERS OF**
**LLOYD'S OF LONDON SUBSCRIBING**
**TO POLICY NUMBER B08011789A08**
**a foreign insurer,**

      **Garnishee.**

## MEMORANDUM OPINION AND ORDER

**This matter** is before the Court on OLD REPUBLIC INSURANCE COMPANY'S MOTION TO REMAND (Doc. No. 16) filed on April 26, 2012 (Motion). Having considered the Motion, the arguments, and otherwise being fully informed, the Court will deny the Motion.

    I. Background

        A. Original Lawsuit and Judgment

In May 2010, Old Republic Insurance Co. (Old Republic) filed suit against Eclipse Aviation Corporation (Eclipse) in the Second Judicial District Count, Bernalillo County, New Mexico seeking damages for negligence arising from damage to aircraft owned by Old Republic's insured. *See Old Republic Insurance Co. v. Eclipse Aviation Corporation*, CV 2010-05837. On January 21, 2011, Old Republic obtained a default judgment against Eclipse. Certain

Underwriters of Lloyd's London (Lloyd's) are participants in Policy Number B080111789A08 (Policy). The Policy is issued to Eclipse as the named insured, and the Policy covers the period from June 17, 2008 to July 1, 2009, when the events that led to the suit in state court occurred.[1] On December 21, 2011 after the default judgment, Old Republic filed an Application for Writ of Garnishment against Lloyd's with the Second Judicial District Court in Bernalillo County, New Mexico. A writ of garnishment was issued on January 9, 2012 naming Lloyd's as garnishee. On March 29, 2012, Lloyd's removed the state court action to this Court, and the case was assigned Case No. CV 12-323.[2]

        B. The Declaratory Judgment Action

On May 19, 2011, a few months after the default judgment was entered in state court, but before the writ of garnishment was filed, Lloyd's filed a separate suit against Old Republic in this court for declaratory judgment that the default judgment against Eclipse was unenforceable against the Policy. *Lloyd's v. Old Republic*, Case No. CV 11-432. Lloyd's also sought sanctions against Old Republic under New Mexico Rule of Civil Procedure 1-011. By consent of the parties, Magistrate Judge Karen B. Molzen presided over Lloyd's declaratory judgment action.

On June 4, 2012 in Case No. CV 11-432, Magistrate Judge Karen B. Molzen, granted Lloyd's motion for summary judgment and entered judgment in Lloyd's favor. *See*

---

[1] On November 25, 2008, Eclipse filed for Chapter 11 bankruptcy protection in Delaware Bankruptcy Court. On September 19, 2009, the bankruptcy court granted Old Republic's motion to lift the automatic stay in bankruptcy allowing Old Republic to sue Eclipse for damages to its insured's aircraft. Lloyd's received notice of the motion to lift stay and the order lifting stay on March 8, 2011.

[2] It is undisputed that Lloyd's timely removed the garnishment proceeding to this Court. Old Republic concedes that Lloyd's was not served with the writ of garnishment until March 29, 2012.

MEMORANDUM OPINION AND ORDER (Case No. CV 11-432, Doc. No. 59); and FINAL JUDGMENT (Case No. CV 11-432 Doc. No. 61).  Magistrate Judge Molzen ruled that because Eclipse never informed Lloyd's of the state-court lawsuit and the default judgment, which are violations of the Policy, Lloyd's is not liable for the default judgment.  Magistrate Judge Molzen ruled that Lloyd's owes no duty to Old Republic to pay damages under the default judgment entered in the New Mexico state court.  However, by separate order also entered on June 4, 2012, Magistrate Judge Molzen dismissed Count II of Lloyd's complaint seeking sanctions against Old Republic under Rule 1-011 NMRA.  *See* MEMORANDUM OPINION AND ORDER (Case No. CV 11-432 Doc. No. 60).

II. Discussion

In the Motion, Old Republic moves to remand this case arguing that under New Mexico law, a garnishment proceeding is an ancillary proceeding to the underlying suit in state court. Since it is not a separate action, Old Republic asserts that this Court does not have subject matter jurisdiction over this case.  Lloyd's responds that a garnishment action between a judgment creditor and the insurer of a judgment debtor is an independent action for purposes of removal; thus, this action was properly removed.  Lloyd's contends that this Court has subject matter jurisdiction under the diversity jurisdiction statute.  28 U.S.C. § 1332(a) and 1441(a).  Old Republic does not dispute that if this case is not ancillary, but is a separate civil action, then this Court has jurisdiction under the diversity statute because it is between citizens of a State and citizens of a foreign state and the amount in controversy is more than $75,000.00. 28 U.S.C. § 1332(a).

Section 1441(a) provides, ". . . any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Section 1441(a) does not define the term "civil action," "but federal courts have broadly construed the term[.]" *Stark-Romero v. National R.R. Passenger Co.*, 763 F. Supp. 2d 1231, 1241 (D. N.M. 2011) (citing 14B C. Wright, A. Miller, E. Cooper, R. Freer, J. Stainman, C. Struve, & V. Amark, Federal Practice & Procedure Jurisdiction § 3721, at 28 (4th ed. 2009 & Supp.2010)).  Old Republic, however, argues that, as an ancillary proceeding related to the underlying state court action, this is not a "civil action" over which this Court can exercise diversity jurisdiction.  Under New Mexico law, garnishment proceedings are characterized as ancillary proceedings.  *See, e.g., Jemko Inc. v. Liaghat*, 106 N.M. 50, 53, 738 P.2d 922, 926 (Ct. App. 1987) (stating, "[g]arnishment is an ancillary proceeding and not an original civil suit.") (citing *Joe v. Marcum*, 621 F.2d 358 (10th Cir. 1980) and *Mayo v. George*, 31 N.M. 593, 248 P. 885 (1926)).   When a suit is an ancillary proceeding, or supplemental to another action, it cannot be removed from state court to federal court.  *London & Lancashire Indem. Co. of America v. Courtney*, 106 F.2d 277, 283-85 (10th Cir. 1939).  According to Old Republic, under Tenth Circuit precedent, this Court must apply New Mexico's construction of its garnishment statute, under which garnishment actions are considered ancillary to the liability action.  Old Republic moves the Court to remand because under state law, this proceeding is non-removable.

Lloyd's counters that the Court should apply federal law, not state law, to determine the nature of this proceeding and whether it is removable under the federal removal statute.  Lloyd's asserts that under Tenth Circuit precedent, actions against insurers or other garnishees brought

4

after judgment is entered against a debtor, have been considered distinct from the original proceedings; and as such, are removable. *See, e.g., Adriaenssens v. Allstate Ins. Co.*, 258 F.2d 888, 889-90 (10th Cir. 1958); *London & Lancashire Indem. Co. of America v. Courtney*, 106 F.2d 277, 283-85 (10th Cir. 1939). *See generally,* The Late Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Richard D. Freer, Joan E. Steinman, Catherine T. Struve, Vikram David Amar, 14B Federal Practice and Procedure § 3721 n. 58 (4th Ed. 2012) (noting, "[t]he question whether garnishment is an independent civil action or is auxiliary to a main state action is one for the federal court to decide. The state's classification of such proceedings is immaterial.") (citing *Adriaenssens*).

In *Courtney*, the defendant removed a garnishment proceeding, and the United States District Court denied the motion to remand but dismissed the case. *Id.* at 279. On appeal, the Tenth Circuit instructed the lower court to modify the order dismissing the action, and the Tenth Circuit also addressed whether the removal was proper. *Id.* at 283–85. The Tenth Circuit concluded that under the applicable federal statute the "defendant garnishee's controversy with the plaintiff, Lucile A. Courtney, is wholly separable" from the issues on which the original judgment against R.G. Courtney in favor of Lucile A. Courtney was based. The court noted that, "[t]he only question to be litigated . . . is . . . whether said garnishee was indebted to said defendant, R.G. Courtney." 106 F.2d at 284.

In *Adriaenssens v. Allstate Ins. Co.*, 258 F.2d 888 (10th Cir.1958), a father and daughter had obtained judgments in separate state court personal injury actions against a defendant insured by Allstate Insurance Co. Approximately five years later, the plaintiffs separately sued Allstate to recover on the policy. *Id.* at 889. Allstate removed both actions to the United States

District Court for the Northern District of Oklahoma on diversity grounds. *Id.* In each case, judgment was entered denying recovery on the policy, each plaintiff appealed the decision challenging the removal and the decision on the merits. The Tenth Circuit found the district court had jurisdiction over this separate proceeding to determine coverage for the plaintiffs' losses. *Id.*

In *Courtney* the issue was whether the insurer was liable under its policy issued to one who made a false representation of a material nature in order to obtain the coverage. The Tenth Circuit determined that the claims created an independent action, such that "with diversity of citizenship and the requisite sum in controversy, they were open to removal." 258 F.2d at 285. The issues raised in *Courtney* and *Adriaenssens* are very similar to this case. In those cases, the judgment creditor, after obtaining a judgment against an insured, obtained a writ of garnishment against the insurer. The insurer disputed coverage and removed the garnishment proceeding to federal court. In both cases, the Tenth Circuit held that the garnishment actions were removable. In *Andriaenssens*, the Tenth Circuit clearly stated that a garnishment proceeding by a judgment creditor against an insurer of a judgment debtor, "was in effect an original and independent action; and that diversity of citizenship with the requisite sum in controversy being present, the proceeding was removable." 258 F.2d at 890.

The reasoning behind these rulings is sound because a garnishment action involves different parties and a different set of rights and liabilities. If a garnishee disputes its indebtedness to the judgment debtor, a separate adjudication is required under the terms of the insurance contract or other obligation upon which the garnishment will be based. The Court finds that this garnishment action involves a separate dispute from the original negligence action

6

filed in state court. Simply put, this case is not about Eclipse's alleged negligence but will be about whether the default judgment is a covered loss under the Policy; and as such, it is a civil action that is removable under 28 U.S.C. § 1441.[3]

IT IS THEREFORE ORDERED that OLD REPUBLIC INSURANCE COMPANY'S MOTION TO REMAND (Doc. No. 16) is denied.

*[signature]*

ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE

---

[3] The Court recognizes that Magistrate Judge Molzen has ruled that Lloyd's owes no duty to Old Republic to pay damages pursuant to the default judgment entered by the state court. In the GARNISHEE'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 24) filed in this case on June 7, 2012, Lloyd's argues that under Magistrate Judge Molzen's ruling, the garnishment must be discharged and released because Lloyd's is not liable for the loss attributable to the actions of its insured, Eclipse, under the terms of the Policy. The Court will deal with the merits of this argument by separate opinion after briefing on the motion for summary judgment is complete. *See also*, NOTICE OF SUPPLEMENTAL AUTHORITIES (Doc. No. 23) filed on June 5, 2012 (noting that Magistrate Judge Molzen ruled in Lloyd's favor and stating that the issue of dismissal on the merits would be addressed by summary judgment motion).