## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**OLD REPUBLIC INSURANCE CO.,**

      **Plaintiff,**
      **(Judgment Creditor),**

**vs.**                        **No. CIV 12-0323 RB/RHS**

**ECLIPSE AVIATION CORPORATION,**

      **Defendant,**
      **(Judgment Debtor)**

**CERTAIN UNDERWRITERS OF**
**LLOYD'S OF LONDON SUBSCRIBING**
**TO POLICY NUMBER B08011789A08**
**a Foreign insurer,**

      **Garnishee.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Garnishee Certain Underwriters of Lloyd's,

London (Lloyd's) Motion for Summary Judgment, (Doc. 24), filed on June 7, 2012.  After no

response was filed within the fourteen-day time period permitted by D.N.M.LR-Civ. 7.4,  Lloyd's

filed a notice of completion of briefing on July 27, 2012.  (Doc. 25).  Plaintiff Old Republic

Insurance Co. (Old Republic) filed an untimely Response to Lloyd's Motion for Summary

Judgment on September 5, 2012.  (Doc. 32).  Having considered the submissions of counsel,

record and relevant law, the Court grants this Motion.

I.      **Background**

      Old Republic Insurance Company (Old Republic) filed a negligence suit in New Mexico

state court against Eclipse Aviation Corporation (Eclipse).  After obtaining a default judgment

against Eclipse, Old Republic sought to garnish the proceeds of an insurance policy that Lloyd's

had issued to Eclipse. Lloyd's denied liability and removed the state-court matter to this Court. Old Republic filed a Motion to Remand, which this Court denied on August 20, 2012. Additionally, Lloyd's filed a separate action in this Court seeking a declaratory judgment that it was not liable under the policy. On June 4, 2012, Lloyd's obtained a declaratory judgment that it is not liable under the policy. Lloyd's moves for summary judgment in its favor that it is not liable for the loss attributable to the actions of Eclipse. In its untimely response, Old Republic states that it has moved to set aside the default judgment in state court and, upon the default judgment being set aside, the garnishment proceeding will be moot.

## II.    Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In cases where the moving party will not bear the burden of persuasion at trial, it bears the initial responsibility of identifying an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Upon meeting this burden, the burden shifts to the non-movant to show specific facts supporting a genuine issue for trial as to all of the essential elements of his case. *Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) ("The party opposing the motion must present sufficient evidence in specific, factual form . . . ."). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1142 (10th Cir. 2009).

## III.    Statement of Facts

Old Republic, as subrogee of Phoenix Aviation Managers, Inc., filed suit seeking damages

for negligence from Eclipse in the Second Judicial District Count, Bernalillo County, New Mexico. *See Old Republic Ins. Co. v. Eclipse Aviation Corp.*, CV 2010-05837.  On January 21, 2011, Old Republic obtained a default judgment against Eclipse.  (Doc. 24).  Lloyd's had issued an insurance policy to Eclipse for the period when the negligence occurred.  (Doc. 24).  On January 9, 2012, the state court issued a Writ of Garnishment, naming Lloyd's as garnishee. (Doc. 24).  On March 22, 2012, Lloyd's filed an Answer to the Writ of Garnishment, denying liability under the policy.[1]  (Doc. 24).  On March 29, 2012, Lloyd's removed the state court action to this Court, which is the instant matter.

Lloyd's filed a separate suit against Old Republic in this Court for declaratory judgment that the default judgment against Eclipse was unenforceable against the policy.  *Lloyd's v. Old Republic*, Case No. CIV 11-432 KBM/ACT.  By consent of the parties, United States Magistrate Judge Karen B. Molzen presided over Lloyd's declaratory judgment action. On June 4, 2012, Judge  Molzen granted Lloyd's motion for summary judgment and entered judgment in favor of Lloyd's.  (CIV 11-432, Docs. 59 and 61.)  Judge Molzen reasoned that, because Eclipse failed to notify Lloyd's of the state-court lawsuit, as required by the policy, Lloyd's was not liable for the default judgment against Eclipse.

## IV.    Discussion

Judge Molzen has ruled that Lloyd's owes no duty to Old Republic to pay damages pursuant to the default judgment entered against Eclipse, nor is Lloyd's liable for the loss

---

[1] In its untimely response, Old Republic states "[Lloyd's] issued to Eclipse a policy for the policy period of July 17, 2008 to July 1, 2009.  Importantly, [Lloyd's] has never denied that this policy covered the damages sustained by Old Republic's insured." (Doc. 32).  The basis for this statement is unclear as Lloyd's asserted in its Answer to the Writ of Garnishment that "[Lloyd's] denies all liability for the judgment obtained by [Old Republic]" and "[Lloyd's] is not liable for the judgment against  [Old Republic] under the terms of [Lloyd's] insurance policy with [Old Republic]."  (Doc. 1-6).

attributable to the actions of Eclipse.  In that Old Republic has no right to recover from Lloyd's based on Old Republic's default judgment against Eclipse,  Lloyd's is entitled to summary judgment in this matter, and it must be discharged and released from the Writ of Garnishment.

**THEREFORE,**

**IT IS ORDERED** that Lloyd's Motion for Summary Judgment, (Doc. 24), filed on June 7, 2012, is **GRANTED**.

**IT IS FURTHER ORDERED** that Lloyd's is discharged and released from the Writ of Garnishment.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

4