IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**OLD REPUBLIC INSURANCE CO.,**

    **Plaintiff,**
    **(Judgment Creditor),**

vs.                                                              **No. CIV 12-0323 RB/RHS**

**ECLIPSE AVIATION CORPORATION,**

    **Defendant,**
    **(Judgment Debtor)**

**CERTAIN UNDERWRITERS OF**
**LLOYD'S OF LONDON SUBSCRIBING**
**TO POLICY NUMBER B08011789A08**
**a Foreign insurer,**

    **Garnishee.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Garnishee Certain Underwriters of Lloyd's of London (Lloyd's) Motion for Attorney's Fees (Doc. 36). Jurisdiction arises under 28 U.S.C. § 1332. Having considered the submissions of counsel, relevant law, and otherwise being fully advised, the Court grants this motion in part.

**I.  Background**

In May 2010, Old Republic Insurance Company (Old Republic) filed a negligence suit against Eclipse Aviation Corporation (Eclipse) in the Second Judicial District Court, Bernalillo County, New Mexico, seeking damages for negligence arising from damage to aircraft owned by Old Republic's insured. *See Old Republic Ins. Co. v. Eclipse Aviation Corp.*, CV 2010-05837. On January 21, 2011, Old Republic obtained a default judgment against Eclipse.

Lloyd's had issued an insurance policy to Eclipse for the time period during which the

alleged negligence occurred. On May 19, 2011, Lloyd's filed suit against Old Republic in this Court seeking a declaration that the default judgment against Eclipse was unenforceable against the insurance policy. *See Certain Underwriters of Lloyd's, London v. Old Republic Ins. Co.*, CIV 11-432 KBM/ACT. Magistrate Judge Karen B. Molzen presided over Lloyd's declaratory judgment action by the consent of the parties. On June 4, 2012, Judge Molzen granted Lloyd's motion for summary judgment and entered judgment in favor of Lloyd's. Judge Molzen reasoned that the default judgment against Eclipse was entered without notice to Lloyd's or the opportunity for Lloyd's to be heard and, by the terms of the policy, Lloyd's therefore owes no duty to Old Republic to pay damages pursuant to the default judgment.

While the federal action was pending, on December 21, 2011, Old Republic filed an application for writ of garnishment against Lloyd's with the Second Judicial District Court in Bernalillo County, New Mexico. On January 9, 2012, the state court issued a writ of garnishment, naming Lloyd's as garnishee. On March 22, 2012, Lloyd's filed an answer to the writ of garnishment, denying liability under the policy. On March 29, 2012, Lloyd's removed the state court action to this Court as the instant action (CIV 12-0323). On April 26, 2012, Old Republic filed a Motion to Remand in CIV 12-0323, which this Court denied on August 20, 2012.

On June 7, 2012, in CIV 12-0323, Lloyd's moved for summary judgment in its favor arguing that it is not liable for the loss attributable to the actions of Eclipse based on Judge Molzen's declaratory judgment in CIV 11-0432. In response, Old Republic also represented that it had moved to set aside the default judgment in state court and, upon the default judgment being set aside, the garnishment proceeding would be moot. (Doc. 32). On September 6, 2012, the Court granted summary judgment in favor of Lloyd's on the ground that Lloyd's obtained a

declaratory judgment that Lloyd's is not liable for the loss attributable to the actions of Eclipse. In July 2012, Old Republic filed another suit against Eclipse in state court that Lloyd's has removed to this Court. *See Old Republic Ins. Co. v. Eclipse Aviation Corp.*, CIV 12-1156 JP/GBW.

Lloyd's requests an award of $20,310.00 in attorneys' fees and $807.23 in costs and taxes from Old Republic under N.M. STAT. ANN. § 35-12-16(B). Old Republic asserts that Lloyd's is not entitled to an award of fees and costs under § 35-12-16(B) because Lloyd's is not an "innocent third party." (Doc. 40 at 4-6).

## II.   Discussion

Garnishment is a statutory remedy that does not exist at common law. *Joe v. Marcum*, 621 F.2d 358, 361 (10th Cir. 1980). New Mexico law provides for garnishment in execution of judgments. *See* N.M. STAT. ANN. §§ 35-12-1 through 35-12-19 (providing for the issuance of writs of garnishment by the district courts in the same manner specified for the magistrate courts). The New Mexico statutory scheme contemplates that the garnishee should be reimbursed for litigation costs. Specifically, the applicable statute states: "If the garnishee answers as required by law, the court shall award the garnishee his actual costs and a reasonable attorney fee. The award shall be against the defendant if the plaintiff prevails and against the plaintiff if the garnishee prevails." N.M. STAT. ANN. § 35-12-16(B). This statute places "the costs of litigation upon the party who should in fairness pay for causing the garnishee to appear in court." *Cent. Sec. & Alarm Co., Inc. v. Mehler*, 963 P.2d 515, 521 (N.M. Ct. App. 1998) (citation omitted).

As a federal court sitting in diversity, this Court must ascertain and apply state law to reach the result the New Mexico Supreme Court would reach if faced with the same question. *See Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). In applying N.M. STAT. ANN. § 35-

12-16(B), the New Mexico Supreme Court has held that "any such award of costs and attorney fees is limited to those matters fairly and necessarily litigated as a direct result of the garnishment proceeding." *Bank of N.M. v. Priestley*, 624 P.2d 511, 517 (N.M. 1981). In *Priestley*, the garnishees litigated contract issues and controverted assertions made by the parties. The New Mexico Supreme Court held that such issues were beyond the scope of the garnishment proceeding and the garnishees were entitled to an award of costs and reasonable attorney fees for filing the answer to the garnishment complaint in the trial court. *Id*. Additionally, "[a]ny other award of actual costs and attorney fees, if any, is limited to those matters fairly and necessarily litigated as a direct result of the garnishment proceedings." *Id*.

Old Republic relies on authorities interpreting the laws of Florida and Missouri to support its assertion that Lloyd's is not entitled to fees and costs. *See U.S. Pipe and Foundry Co. v. Holcomb Pipe Lines, Inc.*, 465 F.2d 827, 828 (5th Cir. 1972) (claim against an executor based on Florida statute); *Ebsary Found. Co. v. Barnett Bank of S. Fla.*, 569 So. 2d 806, 807 (Fla. Dist. Ct. App. 1990) (claim based on Florida statute; recovery limited to $100 deposit set by statute); *All-Am. Semi Conductor, Inc. v. Ellison Graphics Corp.*, 594 So. 2d 342, 342 (Fla. Ct. App. 1986) (same); *Zink v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 724 S.W.2d 561, 564 (Mo. App. 1986) (holding a garnishment action based on a Missouri statute and procedural rule is the same as a direct action against an insurance company so there was no logic in permitting the recovery of attorneys' fees in one and not the other). Although not disclosed by Old Republic, the Supreme Court of Missouri has overruled *Zink* and held an insurance company is entitled to an award of fees in a garnishment action. *Johnston v. Sweany*, 68 S.W.3d 398, 404 (Mo. 2002). These authorities are not persuasive because they apply Florida and Missouri law and not New Mexico

law. Old Republic's assertion that Lloyd's is not entitled to attorney fees because it is not an "innocent third party" is unsupported by New Mexico law. Indeed, Old Republic acknowledges as much when it expresses surprise that it "has searched but cannot find any New Mexico law addressing the question [sic] whether an insurer-garnishee is an innocent third party." (Doc. 40 at 5). This is not surprising as the concept that only an innocent third party is entitled to fees and costs is inconsistent with New Mexico law, which focuses not on who the garnishee is but on what the garnishee does. *Priestley*, 624 P.2d at 517 (holding that garnishees were entitled to an award of costs and reasonable attorney fees for filing the answer to the garnishment complaint and "[a]ny other award of actual costs and attorney fees, if any, is limited to those matters fairly and necessarily litigated as a direct result of the garnishment proceedings.")

Application of N.M. STAT. ANN. § 35-12-16(B), as interpreted by the Supreme Court of New Mexico, leads to the conclusion that Lloyd's is entitled to an award of costs and reasonable attorney fees for filing the answer to the garnishment complaint, as well as matters fairly and necessarily litigated as a direct result of the garnishment proceedings. *Priestley*, 624 P.2d at 517. Lloyd's filed an answer to the writ of garnishment in state court, denying liability under the policy. One week later, Lloyd's removed the state court action to this Court as the instant action. After removal, Old Republic filed a motion to remand which Lloyd's resisted. Lloyd's moved for summary judgment in its favor that it was not liable for the loss attributable to the actions of Eclipse. The Court determined that Old Republic had no right to recover from Lloyd's based on Old Republic's default judgment against Eclipse, granted the motion for summary judgment and released Lloyd's from the Writ of Garnishment. Lloyd's is entitled to attorney fees for filing the answer to the garnishment complaint, as well as matters fairly and necessarily

5

litigated as a direct result of the garnishment proceedings. However, the removal and the declaratory judgment matter were not fairly and necessarily litigated as a direct result of the garnishment proceedings. Thus, Lloyd's is not entitled to an award of attorney fees and costs for the removal, the motion to remand, or the motion for summary judgment.

Don Swaim, a partner at Rose•Walker L.L.P. of Dallas, Texas, and an attorney with 29 years of experience, requests compensation at the rate of $400.00 per hour for himself, compensation at the rate of $200.00 per hour for Alex Whitman, an associate attorney at Rose•Walker with two years of experience, and compensation at the rate of $225.00 per hour for attorney Bryan Rose, an associate attorney at Rose•Walker with five years of experience. (Swaim Affidavit, Doc. 36-1). Mr. Swaim states that these rates are reasonable given the attorneys' experience and expertise in this type of litigation. (*Id*.) Additionally, Marian Hand, an attorney with 20 years of experience and a shareholder at Keleher & McLeod, P.A., requests compensation at the rate of $225.00 per hour for herself, and compensation at the rate of $275.00 per hour for attorney Spencer Reid, a shareholder at Keleher & McLeod with 33 years of experience as an attorney. (Hand Affidavit, Doc. 36-2). Ms. Hand states that these rates are reasonable in comparison with the hourly rates charged by law firms for similar work in Albuquerque, New Mexico. (*Id*.)

The claimed hourly rates are reasonable, given the attorneys' experience. The Court takes judicial notice that similar rates have been awarded in the District of New Mexico. These rates reflect the market rate for attorneys in similar cases. Indeed, Old Republic does not specifically object to the claimed hourly rates. Accordingly, the Court finds that $400.00 is a reasonable hourly rate for Mr. Swaim, $200.00 is a reasonable hourly rate for Mr. Whitman, $225.00 is a

reasonable hourly rate for Mr. Rose, $225.00 is a reasonable hourly rate for Ms. Hand, and $275.00 is a reasonable hourly rate for Mr. Reid.

The Court has reviewed the time records submitted by Lloyd's and determined the following fees were incurred for filing the answer to the garnishment complaint, as well as matters fairly and necessarily litigated as a direct result of the garnishment proceedings:

| Attorney | Hours | Rate | Fee |
| --- | --- | --- | --- |
| Don Swaim | 1.80 | $400 | $ 720.00 |
| Bryan Rose | .40 | $225 | $ 90.00 |
| Alex Whitman | 14.70 | $200 | $ 2,940.00 |
| Spencer Reid | .30 | $275 | $ 82.50 |
| Marian Hand | 11.30 | $225 | $ 2,542.00 |
| Total: | 28.50 | | $ 6,374.50 |

The additional hours requested by Lloyd's are disallowed because they were incurred for the removal, the motion to remand, or the motion for summary judgment.

Lloyd's requests costs consisting of a filing fee of $370.00, a registration fee for out-of-state counsel of $100.00, copying expenses in the amount of $34.49, and taxes in the amount of $383.74. (Hand Affidavit, Doc. 36-2 at 3). As the filing and registration fees are related to the removal, rather than the garnishment proceeding, they are disallowed. The gross receipt taxes on the allowed fees for the Albuquerque attorneys equal $183.72. The copying expenses are reasonable. The taxes and copying expenses are allowed for a total cost award of $218.21.

**THEREFORE,**

**IT IS ORDERED** that Lloyd's Motion for Attorney's Fees (Doc. 36) is **GRANTED IN**

7

**PART**.

  **IT IS FURTHER ORDERED** that Old Republic Insurance Company shall pay Lloyd's the amount of $6,374.50 as reasonable attorney's fees and $218.21 as reasonable costs no later than March 22, 2013.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**